AMOS BROWN *v.* DANIEL TYLER AND CYRUS FARRAND.

Where the plaintiff had obtained judgment and execution in an action on a promissory note signed by the defendant and two others as sureties, and also held a note, signed by the defendant and another as sureties, which was void as against the sureties, but for which the plaintiff had paid a valuable consideration, and the plaintiff proceeded with an officer to the defendant's house, and turned out to the officer, to be taken by him on the execution, all the defendant's property that could be found, and, while the property was in the officer's possession, told the defendant that he would

collect the whole of said execution out of his property, unless he would secure to him one half of the void note, but that, if he would secure one half of the void note and one third of the amount due on the execution, he would collect the remainder of the execution of the other execution debtors, and the defendant thereupon executed his notes, with surety, one for half of the void note, and the other for his share of the execution, it was held that the giving such notes was voluntary, and that the facts did not show any such oppression or duress on the part of the plaintiff, as would entitle the defendant to resist payment of the note given for the half of the void note.

Assumpsit on two promissory notes. Plea, the general issue, and trial by the court.

It appeared that, on the 28th of October, 1839, the plaintiff held a promissory note for $550, signed by one Munger as principal, and by the defendant Tyler and one Mead and another as sureties. That on that day, in pursuance of a contemplated arrangement between the plaintiff and Munger, the defendant Tyler and Mead, as sureties, signed with Munger a note to the plaintiff for $400, with the express understanding, known to the plaintiff, that this note should not go into the plaintiff's hands, nor become a valid note, until the $550 note was given up. The plaintiff, subsequently, without giving up the $550 note, delivered to Munger property to the amount of $298, and received said $400 note. Under these circumstances the court below found that the $400 note, as to Tyler and Mead, the sureties, was invalid.

The plaintiff subsequently commenced an action upon the $550 note, and obtained judgment against all the signers, and took out execution thereon. He then went with the officer to the house of the defendant Tyler, and turned out, to be taken by the officer on said execution, all of Tyler's property that he could find, and refused to release the same, unless Tyler would secure to him one half of the amount due for the advance made by him at the time he received the $400 note,—being $167,—and also one third of the amount due on the execution,—Munger having become insolvent. But the plaintiff told Tyler that if he would secure the said sum of $167, parcel of the $400 note, and would also secure one third of the amount due on the execution, being $200, then he, the plaintiff, would release Tyler's property and would collect the remaining

two thirds of the execution of the other two sureties who were liable on it;—but that, otherwise, he would levy the whole execution on his, Tyler's, property. The court did not find that the plaintiff was guilty of any oppression, otherwise than as above stated.

Tyler was a man of small property, and would have been seriously injured by being compelled to pay the whole execution; and he insisted that the $400 note was void as to himself and Mead. But he finally agreed to comply with the plaintiff's terms, and procured the defendant Farrand to sign with him the two notes now in suit,—one for said sum of $167, and the other for one third of the amount of the execution.

It appeared that the plaintiff went with the officer for the avowed purpose of not only collecting said execution, but also of securing said $400 note. He subsequently collected the other half of said note from Mead.

Judgment for the plaintiff for the amount of both notes. Exceptions by defendants.

*C. D. Kasson* for defendants.

It is clear that the $167 note is void for want of consideration, unless it was given *voluntarily* to settle the controversy. But we insist that the facts show an *unwarrantable use* of the process of the law, and that the settlement was not voluntary. It is well settled law that duress of one's *property* will avoid a promise, equally with duress of his person. *Bates* v. *N. Y. Ins. Co.*, 3 Johns. Cas. 240. 1 Roll's Abr. 687, cited 2 Str. 916. *Clinton* v. *Strong*, 9 Johns. 370. *Ripley* v. *Gelston*, Ib. 201. *Snowdon* v. *Davis*, 1 Taunt. 360. 2 Str. 917. B. N. P. 173. *Smith* v. *Bromley*, Doug. 696, n. 3, approved in *Williams* v. *Hedley*, 8 East 382. *Frye* v. *Lockwood*, 4 Cow. 454. *Irving* v. *Wilson*, 4 T. R. 486. And it is equally well settled, that, where there is an arrest for just cause, and with lawful authority, but for unlawful purposes, *it is a duress. Richardson* v. *Duncan*, 3 N. H. Rep. 508. *Watkins* v. *Baird*, 6 Mass. 510. B. N. P. 172–3. Aleyn 92. The party, having in his hands the final process of the law, should not be allowed to do aught but demand his record debt. 7 B. & C. 73. 10 Peters 137. *Rogers* v. *Brewster*, 5 Johns. 125. *Jenner* v. *Joliffe*, 9 Johns. 380. If he

may make use of it to enforce a doubtful claim, he may use it to extort money without pretence of claim.

*D. A. Smalley* and *A. G. Whittemore* for plaintiff.

It appears from the case that the defendant, Tyler, knew the terms upon which the $400 note went into the plaintiff's possession. If he had intended to avail himself of the defence, which he claimed to have to it, he should have resisted its payment; but he cannot change the character of the debt by taking up the old note and substituting a new one, and still be permitted to make use of those defences against the second note, which he might have made to the first. *Brown* v. *McKinnally*, 1 Esp. N. P. Cas. 279. *Knibbs* v. *Hull*, Ib. 84. *Stevens* v. *Head*, 9 Vt. 177. *Holmes* v. *Aery*, 12 Mass. 134. Chitty on Bills 533, *et seq.*

The $167 note was founded on good consideration. 1. The compromise of the controversy is a good consideration. 2. The plaintiff released Tyler from two thirds of the execution. 3. The plaintiff, as part of the general arrangement, postponed the payment of Tyler's part of the execution for a long time.

There can be no *inference* of duress from the acts or conduct of the plaintiff. *Sumner* v. *Ferryman*, cited 2 Str. 917. B. N. P. 172. Esp. N. P. Cas. 174.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The issue in this case was tried by the county court, and they have not presented in the bill of exceptions any question of law which calls for our revision. For the note of four hundred dollars, in favor of this plaintiff against Munger, Tyler, and Mead, a good and valuable consideration was obtained by Munger of the plaintiff, Brown, although that note may have been inoperative against Tyler, inasmuch as the condition on which it was to take effect was never performed. The judgment which the plaintiff obtained on the note of five hundred and fifty dollars, executed by Munger, Tyler and others, was not tinctured with any fraud. The plaintiff did not proceed with the execution in any manner forbidden by law, and the county court find that he was not guilty of any oppression, otherwise than as the use which he made of

the execution to induce the defendant, Tyler, to settle the four hundred dollar note may be evidence of such fraud.

As neither fraud nor duress was found by the county court, and there is no *legal inference* of such fraud or duress from the facts they have found, although it may have been a hard proceeding, and the plaintiff may have taken advantage of his legal rights and of the situation of Tyler, to draw him into a hard bargain, we cannot reverse the judgment of the county court because they have not found the facts otherwise. If there was neither fraud, oppression, or duress, the note was purely voluntary on the part of the defendants. The plaintiff has only obtained payment for the amount which he parted with to Munger in good faith; and, however desirable it might have been to have relieved the present defendants from the payment of the note of one hundred and sixty-seven dollars, yet it cannot be done without reversing the decision of the county court on an issue of fact presented to them by the parties, which it is not the province of this court to do.

The judgment of the county court is affirmed.